Mr. Chad L. Cumming, Jr., Esq. Gill Elrod Ragon Owen Sherman, P.A.
425 West Capitol Avenue, Suite 3801 Little Rock, Arkansas 72201
Dear. Mr. Cumming:
You have requested my review and approval of an agreement, entitled "Interlocal Agreement" (hereinafter "Agreement"), to be entered between Fulton County and seven municipalities concerning the distribution of an existing countywide sales and use tax. The Agreement states that it is entered under the authority of A.C.A. § 14-14-910.
RESPONSE
It is my conclusion that the Agreement is not within my statutory authority to approve or disapprove. This is not to say that the proposal itself is contrary to law. It simply is not an "interlocal agreement" that is subject to approval by this office. I therefore must respectfully decline your request for my review.
DISCUSSION
My approval of agreements entered into pursuant to A.C.A. § 14-14-910, which is part of the County Government Code, is required only if the state or a state agency is a party to the agreement.[1] Because neither the state nor any state agency is a party to the agreement in question, my approval is not required by section 14-14-910. *Page 2 
The other possible basis for my review, A.C.A. § 25-20-104 (part of the Interlocal Cooperation Act), is not cited in the Agreement.[2] But in my opinion the Agreement does not, in any event, come within the definition of an "interlocal agreement" as contemplated by Section 25-20-104. The Agreement appears to be authorized, instead, by a separate statute addressed specifically to the disposition of county sales and use taxes — A.C.A. § 26-74-214 (Supp. 2011).
Subsection 26-74-214(b)(2)(B) refers specifically to the execution of an "interlocal agreement" regarding the distribution of a county sales and use tax. As one of my predecessors explained, the Interlocal Cooperation Act does not apply to agreements entered pursuant to section 26-74-214:
 The Interlocal Cooperation Act authorizes agreements for "joint cooperative action" and contemplates a "joint or cooperative undertaking," with a budget and a separate legal or administrative entity, or an administrator or joint board. See A.C.A. § 25-20-104. It is my opinion that the general reference in § 26-74-214(b)(2) to an "interlocal agreement" does not incorporate these provisions. While the different distribution formula may result in increased payments by the cities for county services or facilities, there is, in my opinion, no joint undertaking or particular governmental organization to effect a joint undertaking, see § 25-20-102, such as is contemplated under the Interlocal Cooperation Act.[3]
I agree with this analysis, and I have previously concluded that a proposed agreement concerning the distribution of a sales and use tax in Phillips County is not governed by the Interlocal Cooperation Act, but instead is separately authorized by A.C.A. § 26-74-214.[4]
Because the Agreement is not an "Interlocal Agreement" under the Interlocal Cooperation Act, but instead is separately authorized by statute, my review and approval is unnecessary. *Page 3 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] A.C.A. § 14-14-901(d) (Repl. 1998).
[2] The Interlocal Cooperation Act, A.C.A. §§ 25-20-101 — 108 (Repl. 2002 and Supp. 2011), provides that I must review any agreement entered under that act to determine both whether the agreement is in proper form and whether it is otherwise compatible with state law.Id. at-104(f)(1) (Supp. 2011).
[3] Op. Att'y Gen. 97-413 at 1-2.
[4] Op. Att'y Gen. 2009-075 (citing Op. Att'y Gen. 97-413, and concluding that the sales tax distribution agreement in question is distinct from the type of "joint or cooperative undertaking" authorized under the general authority of the Interlocal Cooperation Act.) *Page 1